take up the metal in the formation of the elbow. That the elbow, as well as the pipe itself, should be thus corrugated—that is to say. that the corrugation should extend around the elbow—is, in view of the function of such corrugation, a desirability so obvious that the mere conception of it cannot be said to constitute invention. Indeed it appears in a number of previous elbows, notably in the Austin & Obdyke elbow, patent No. 113,614, and the Ritchie elbow, patent No. 342,465—the only difference between these elbows and the Dieckmann being in the method of taking up the metal for the purpose of forming the elbow. Whatever, therefore, there is of invention, if invention there be in the Dieckmann patent, is not in the conception of an elbow thus corrugated, but in the process employed to bring about corrugation in connection with the crimping; and it was to the difficulty of discovering such process that the delay, if there was any delay, is to be attributed. This disposes of claims 3 and 4, relating to the elbow as a new article of manufacture.

The process in the Dieckmann patent is described as follows:

"By my process a plain elbow is first formed, preferably by rolling a single piece of sheet metal into a tube, then taking up the surplus metal upon one side into overlapping crimps" (the elbow being given the desired form).

The end of the elbow is then placed over a die and other dies are reciprocated to strike the elbow and give it the cross-sectional configuration of the first die; and by a forward movement of the elbow upon the die, this configuration is successively impressed upon every portion of the elbow, the result being a smooth, true elbow, with regular faces or corrugations running through the length of the elbow.

The process, it will be thus observed, is first to put in the crimps, whereby the tube or pipe is conformed to elbow shape, and then to corrugate it.

Whether this be a patentable process or not, we need not now determine. The burden of infringement is upon complainant, and that burden has not been met; for according to the evidence offered in Court, the corrugating was done first; and this is supported by the appearance of appellee's elbows brought to our attention at the hearing, which show that the crimps in the basins of the corrugations had not been subjected to any greater pressure than the crimps on their summits. Indeed, their whole appearance shows that whatever pressure was applied for the purpose of turning over the crimps after they had been formed, was applied almost uniformly on summit side and basin of the corrugations.

The decree appealed from is affirmed.

BROWNING et al. v. FUNKE.

(Circuit Court of Appeals, Second Circuit. November 17, 1909.)

No. 40.

1. PATENTS (§ 328*)—INFRINGEMENT—MAGAZINE FIREARM.

The Browning patent, No. 580,925, for a magazine firearm, claim 14, if conceded invention and validity, *held* not infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

2. PATENTS (§ 328*)—INVENTION.

    The Browning patent, No. 730,870, for a magazine firearm, claims 37, 38, and 39, are void for lack of invention.

    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Bill by John M. Browning and the Colt's Patent Firearms Manufacturing Company against Albert H. Funke to enjoin infringement of letters patent. Decree for defendants dismissing the bill (164 Fed. 197), and complainants appeal. Affirmed.

Frederick P. Fish, and W. A. Redding, for appellants.

Grafton L. McGill (J. Nota McGill and Frederic D. McKenney, of counsel), for appellee.

  Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Decree affirmed, with costs, on opinion of Circuit Court.

---

## AMERICAN PNEUMATIC SERVICE CO. et al. v. W. V. SNYDER & CO.

(Circuit Court, D. New Jersey. September 20, 1909.)

PATENTS (§ 328*)—INFRINGEMENT—PNEUMATIC DISPATCH SYSTEM.

    The Bavier & Hawkes patent, No. 658,102, for a vacuo-pneumatic dispatch system, construed, and *held* not infringed.

    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. Suit for infringement of letters patent No. 658,102, for a pneumatic dispatch system, granted to Charles S. Bavier and James R. Hawkes on September 18, 1900. On final hearing.

M. B. Philipp, for complainants.

James H. Griffin and Harry P. Simonton, for defendant.

LANNING, Circuit Judge. I do not find it necessary in this case to decide the questions raised by the defendants as to the validity of the complainants' patent. Assuming its validity, the defendants do not, in my judgment, infringe the patent by the manufacture and use of their device.

The complainants' patent, No. 658,102, dated September 18, 1900, is for improvements in vacuo-pneumatic dispatch systems; that is, in that class of pneumatic dispatch systems wherein a partial vacuum is maintained in the line of tubing by an exhauster or pump. The specification of the patent states that the object of the invention therein described is to attain the highest practicable economy in the operation of vacuo systems by reducing the duty of the exhauster to the minimum required for the service actually performed when the carriers are moved through the line. This reduction of duty is effected by providing a system wherein the line of transmission tubes is closed at all times when no service in the transmission of carriers is being performed, so that during such times the only duty required of the exhauster is to maintain a slight vacuum in the closed line. When